# STATE OF VERMONT

# ENVIRONMENTAL COURT

In re: Appeal of Bernard Roy   }
and Marjorie Gobrecht-Roy   }
                               }   Docket No. 150-9-96 Vtec
                               }
                               }

## Decision and Order

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Georgia denying their applications for conditional use approval, a variance, and a sewer permit. Appellants are represented by Marsha Smith Meekins, Esq.; the Town is represented by Joseph S. McLean, Esq. Predecessors in title Roderick and Lucille Kell initially entered their appearance as interested persons, but have not actively participated.

The remainder of the merits on questions 2 and 3 of the Statement of Questions is scheduled to be heard on May 1, 2002. The Court's February 15, 2002 decision ruled that Appellants cannot now argue that the change from camp use to year-round use in fact occurred earlier than the enactment of the 1988 ordinance. The Court's February 15, 2002 decision also ruled that " [a]s the Supreme Court has ruled that Appellants' change of use as of 1993 obligated them to obtain a permit in under the regulations in effect in 1993, we must proceed to determine Appellants' application for a conditional use permit under the regulations in effect in 1993." The Town has moved for reconsideration of this point, arguing that Appellants did not in fact file their application until after the regulations had again changed.

The Town is correct and its motion for reconsideration is granted. In its February 15, 2002 decision, the Court had conflated two questions: whether the ordinance in effect as of the 1993 change in use required that change to be reviewed as a conditional use, and what ordinance was in effect as of the date of Appellants' good faith application for such a permit. All that the Supreme Court had decided was that, under the [1988] ordinance in effect as of the 1993 change in use from seasonal to year-round primary residence use, " a change in use from a camp to a single family dwelling must be reviewed and approved as a conditional use." The Supreme Court did not address whether Appellants had made the sort of good faith application for such approval under the 1988 ordinance to insulate them from being subject to the 1994 ordinance that had taken effect when they ultimately did file their application in 1996.

The evidence showed and this Court found that Appellants asserted their position at the ZBA that no permit was required for the change in use, sufficiently to raise that argument before this Court, even though they had applied for the permit in 1996. That is, this Court concluded that by applying for the permit in 1996, Appellants had not waived their argument that no permit was legally required for the change in use.

However, the present question raised for reconsideration by the Town presents the converse situation. Appellants could have applied for the permit in 1993 when the change in use took place, filing the application under protest to reserve their argument that no permit was required. Indeed, under 24 V.S.A. § 4443(c) in effect at the time, Appellants could have filed their application after the ordinance change was proposed, to preserve their rights under the older ordinance. Because they did not do so, and did not apply for the permit until 1996, the ZBA (and hence this Court in this de novo appeal) was and is obligated to apply the regulations in effect at the time the application was filed.

Accordingly, the Town's motion for reconsideration is GRANTED; the 1994 ordinance in effect when the application was filed is the ordinance to be applied in consideration of the merits of this appeal on remand.

Please advise the Court as soon as possible if this ruling affects the timing of the hearing on the merits now scheduled for May 1, 2002.

Done at Barre, Vermont, this 15th day of April, 2002.


_____
Merideth Wright
Environmental Judge